**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARY V. JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-795 (RCL) |
| ) | |
| ) | |
| RHODE ISLAND STATE ) | |
| DEPARTMENT OF HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This matter is before the Court on the defendant United Parcel Service Store's ("UPS") Motion to Dismiss, ECF No. 14. The plaintiff, Gary V. Jenkins, proceeding *pro se*, did not file an opposition despite being advised to do so by this Court. *See* Fox-Neal Order, ECF No. 15. The Court recognizes that, under Local Civil Rule 7(b), it may treat the motion as conceded. However, for the benefit of the parties, the Court will address the merits below. For the reasons herein, UPS's Motion to Dismiss is **GRANTED** for lack of subject matter jurisdiction and, in the alternative, failure to state a claim. Because the Court also lacks subject matter jurisdiction over the remaining defendants and Mr. Jenkins has likewise failed to state a claim against them, the Court **DISMISSES** all claims against the remaining defendants *sua sponte*.

Gary V. Jenkins, a resident of Jonesboro, Georgia sued the State of Rhode Island, Governor Daniel McKee, the State of Rhode Island Department of Health, and UPS on March 19, 2024, for a variety of alleged violations of law. *See* Compl. at 1. The complaint is limited in its details, but appears to allege injuries related to federal criminal statutes pertaining to bribery as well as civil violations potentially related to union activity. *See* Compl. at 1. Mr. Jenkins also alleges that

1

"treasonable acts have occurred" but does not indicate by whom or what conduct was specifically treasonable. *See id*. In support of his claim, Mr. Jenkins submitted an addendum containing a receipt that shows a purchase from UPS and Staples, in addition to what appears to be notifications sent to a phone indicating a delivery of a shipment from UPS. *See id*. The amount in controversy for Mr. Jenkins' complaint is $15,000. *Id*. Defendant UPS filed the instant motion to dismiss, alleging that this Court lacks subject matter jurisdiction and Mr. Jenkins has failed to state a claim. *See* ECF 14. Mr. Jenkins was advised to respond, *see* Fox-Neal Order, ECF No. 15, but never filed an opposition. The motion is ripe for this Court's review.

### I. Subject Matter Jurisdiction

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Mr. Jenkins has failed to show subject matter jurisdiction on the basis of diversity because his request for relief is only $15,000. Compl. at 1. This fails to meet the statutory minimum of $75,000 and therefore, even if Mr. Jenkins and the defendants are of diverse citizenship, there can be no finding of diversity jurisdiction by this Court. 28 U.S.C. § 1332. In his complaint, Mr. Jenkins does allege that "treasonable acts have occurred" and cites a slew of federal statutes, which could potentially be a federal question that could give this Court jurisdiction over that claim. But

as explained below, due to his failure to state the claim with the requisite detail, the motion to dismiss will be granted for defendants.

## II. Failure to State a Claim

Mr. Jenkins fails to state a claim in his pleading because he does not provide enough detail to survive a FRCP Rule 12(b)(6) motion to dismiss. Under FRCP 8(a), all that is required of a complaint is a "'short and plain statement of the claim showing that the pleader is entitle to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The complaint must additionally be "more than labels and conclusions" or mere recitation of the elements of a crime. *Id*. When deciding a motion to dismiss, the Court will take all allegations of material fact by the non-moving party to be true and construe those facts in the most favorable manner to the non-moving party. *See Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 677 (D.C. Cir. 2009). In addition, because Mr. Jenkins is a *pro se* litigant, his pleadings are held to a less stringent standard than pleadings that have been drafted by a lawyer. *See Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 533 (D.C. Cir. 2015). That lower standard still requires that the Court be able to infer "more than the mere possibility of misconduct" based on the facts asserted by the *pro se* litigant. *Id* (internal citation omitted).

Even with the benefit of a less stringent standard and taking all factual allegations to be true, Mr. Jenkins fails to sufficiently state a claim. Mr. Jenkins' complaint seems to revolve around allegations that Blue Cross & Blue Shield of Rhode Island, an insurance provider, made payments to the defendants he listed. *See* Compl. at 1. Mr. Jenkins then appears to reference IAFF Local 850, presumably his union, and alleges that there was a failure to provide him fair representation. *Id*. He goes on to references federal statutes, makes a passing reference to treasonable conduct,

and lists some evidence of making a purchase at a Staples and a UPS. *Id.* But he does not allege what acts were done by which parties or any factual basis for his claims or injuries. *Id.* He does not connect the evidence he submitted to the claims he listed. *Id.* He does not assert what the alleged treasonable conduct was, who did it, or how it was done. *Id.* And he does not assert how the actions of the UPS, Blue Cross & Blue Shield of Rhode Island, or IAFF Local 850 are connected in any way. *Id.* In other words, Mr. Jenkins has submitted a "confused and rambling narrative of charges and conclusion concerning numerous persons, [and] organizations . . . [that] does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (Lamberth, J.) (internal citations and quotations omitted).

While Mr. Jenkins cites to countless federal statutes including 18 U.S.C. §§ 2, 152, 210, 601, 1035, 2384, and 241 he does not connect those statutes to any actions by the defendants he filed his complaint against. *Id.* Most of the statutes Mr. Jenkins cites are criminal and do not have applicability to the civil action that Mr. Jenkins is bringing. *Id.* Moreover, the statute Mr. Jenkins refers to under "CIVIL CHARGES" in his complaint bears no connection to any allegations he puts forth and does not create enough of an indication of potential misconduct to allow his action to survive a motion to dismiss. *Id.* Mr. Jenkins simply fails to assert anything that allows this Court to infer any possibility of misconduct by the defendants. Consequently, this case is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

For the foregoing reasons, it is hereby

**ORDERED** that the defendant's Motion to Dismiss [ECF No. 14] is **GRANTED**; and it is further

**ORDERED** all outstanding motions on the docket filed by Mr. Jenkins are hereby **DISMISSED AS MOOT**; and it is further

ORDERED that the plaintiff's Complaint [ECF No. 1] is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Date: 3/25/25

ROYCE C. LAMBERTH
United States District Judge